# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RENFRO,<br><br>    Plaintiff,<br><br>v.<br><br>SWIFT TRANSPORTATION, GALLAGHER BASSETT, COVENTRY HEALTH, SPINE AND ORTHOPEDIC, GODFREY, GODFRY, LAMP, AND ORTEGA, KAI-LIEH CHEN, TED KUHL<br><br>    Defendant. | Case No. 1:17-cv-1349-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION, WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(ECF No. 1)<br><br>FOURTEEN (14) DAY DEADLINE |

## **SCREENING ORDER**

Plaintiff Christopher Renfro ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action. Plaintiff's complaint, filed on October 6, 2017, alleges that he is entitled to workers' compensation benefits and monetary damages for Defendants' collective failure to provide him with adequate medical treatment and compensation for an on-the job injury sustained to his right wrist. Plaintiff's Complaint is currently before the Court for screening.

**I.**     **Screening Requirement and Standard**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff brings this suit against the following parties: (1) Swift Transportation, (2) Gallagher Bassett, (3) Coventry Health, (4) Spine & Orthopedic, (5) Godfrey, Godfry, Lamp, & Ortega, (6) Kai-lieh Chen, and (7) Ted Kuhl.

The basis of Plaintiff's complaint concerns an injury to his right wrist he sustained after he tripped and fell on July 30, 2014. Plaintiff's employer, Swift Transportation, sent him for medical treatment in Tulare, California but doctors there refused to treat him because of Swift's unpaid medical bills. Plaintiff was instead told to go to the emergency room. Swift subsequently referred Plaintiff to Dr. Kai-lieh Chen who, Plaintiff alleges, "fractured [his] fifth metacarpal and burned the top of his fifth metacarpal with electrical shock." Plaintiff also alleges that Defendant Gallagher Barrett, Plaintiff's insurance adjuster, withheld tests that demonstrated the extent of damage to his ulnar nerve. Although Plaintiff received authorization for surgery at Regional Hand Fresno, Defendant Coventry Health, who managed and approved claims, delayed his

treatment by precluding its doctors from performing the surgery. Godfrey, Godfry, Lamb, & Ortega ultimately denied Plaintiff's claim for workers' compensation insurance benefits.

Plaintiff later attempted to receive surgery from a doctor at Spine and Orthopedic however, Plaintiff alleges that the surgery could not proceed because Coventry Health refused authorization and instead reported that no surgery was needed. Spine and Orthopedic also directed him to a chiropractor who allegedly broke his T-7 spine and issued him excessive medication which required him to seek additional treatment in the emergency room for urinating blood, kidney failure, and complications from chemical exposure at another job. In addition, Ted Kuhl, Plaintiff's insurance adjuster, withheld workers' compensation benefits for retraining and job displacement issued by a workers' compensation judge.

As relief, Plaintiff seeks monetary damages in the amount of $250,000 in compensatory and punitive damages from the defendants.

**III.    Discussion**

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994) (federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, Plaintiff attempts to proceed on both theories of subject matter jurisdiction. However, a review of the Complaint reveals it should be dismissed for lack of subject matter jurisdiction because the Complaint fails to demonstrate a basis for subject matter jurisdiction.

    **1.    Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

*v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff attempts to invoke federal-question jurisdiction with a vague and conclusory reference to federal statutes as follows: "the basis for federal question jurisdiction is a federal question under fair trade fair dealings, rico for denial of work claim benefits and any other pleaded in complaint that this complaint can be amended to include." [sic]. (ECF No. 1 at 3). The entirety of Plaintiff's allegations, however, concerns his on-the-job injury and the resulting denial of workers' compensation benefits. Workers' compensation claims do not arise under federal law, and without more, these state law claims are not suitable for this Court. Thus, as alleged, the Complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, based on the claims plausibly asserted in the Complaint, the court lacks federal question jurisdiction.

2.      **Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. Jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

Here, Plaintiff alleges that the total amount in controversy is over $75,000 based on the Defendants' denial of claims, treatment of benefits, and medical care that resulted in the loss of regular wages in the amount of $75,003. He seeks monetary relief in the amount of $250,000 in

actual and punitive damages. Based on this information, the alleged amount in controversy satisfies the jurisdictional amount required for diversity jurisdiction.

Plaintiff, however, has failed to allege that the parties' citizenships are completely diverse. The Complaint indicates that Plaintiff is a resident of Tipton, California. Defendants Spine and Orthopedic, Godfrey, Godfry, Lamp, and Ortega, Kai-Lieh Chen, and Ted Kuhl also reside in California. While Defendants Swift Transportation and Coventry Health reside outside of California, complete diversity is destroyed because Plaintiff's state of residence is not different from all of the Defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996) ("The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant). Because Plaintiff and several Defendants reside in the state of California there is no diversity jurisdiction under 28 U.S.C. § 1332.

**IV.     Conclusion and Recommendation**

The Court has carefully considered whether Plaintiff, especially in light of his pro se status, should be provided with an opportunity to amend his complaint. However, in light of the nature of Plaintiff's allegations, which show that the Court plainly lacks subject matter jurisdiction over the types of claims asserted, the Court concludes that granting further leave to amend would be futile. *See Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 339 (9th Cir. 1996). However, dismissal should be without prejudice, to provide Plaintiff an opportunity to pursue his claims in the appropriate state forum.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction without leave to amend; and
2. The Clerk of the Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

5

fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 6, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE